# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS DENNIS** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 16-6889** |
| **DARREL VANNOY, WARDEN** | **SECTION: "G"(3)** |

## ORDER AND REASONS

Before the Court are Petitioner Travis Dennis's ("Petitioner") objections[1] to the Report and Recommendation of the United States Magistrate Judge assigned to the case.[2] Petitioner, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, arguing that the State offered insufficient evidence to support his conviction and that his trial counsel was ineffective.[3] The Magistrate Judge recommended that the petition be dismissed with prejudice.[4] Petitioner objects to the Magistrate Judge's recommendation.[5] After reviewing the petition, the State's response, the Magistrate Judge's Report and Recommendation, Petitioner's objections, the record, and the applicable law, the Court will overrule Petitioner's objections, adopt the Magistrate Judge's recommendation, and dismiss this action with prejudice.

---

[1] Rec. Doc. 12.

[2] Rec. Doc. 11.

[3] Rec. Doc. 1.

[4] Rec. Doc. 11.

[5] Rec. Doc. 12.

1

# I. Background

*A.  Factual Background*

On May 6, 2010, Petitioner was charged by an Indictment in the 24th Judicial District Court for the Parish of Jefferson with one count of second degree murder and one count of attempted first degree murder.[6] On August 24, 2011, following a jury trial, Petitioner was found guilty of second degree murder.[7] On September 15, 2011, Petitioner was sentenced to life imprisonment without benefit of parole, probation, or suspension of sentence.[8] On May 16, 2013, the Louisiana Fifth Circuit Court of Appeal affirmed Petitioner's conviction and sentence.[9] On December 6, 2013, the Louisiana Supreme Court denied Petitioner's related writ application.[10]

On August 3, 2014, Petitioner filed an application for post-conviction relief with the state district court,[11] which was denied on July 25, 2014.[12] The Louisiana Fifth Circuit Court of Appeal denied Petitioner's related writ application on October 24, 2014,[13] and the Louisiana Supreme Court denied Petitioner's related writ application on September 25, 2014.[14]

---

[6] Rec. Doc. 1.

[7] State Rec., Vol. V of VI, Trial Transcript, Aug. 24, 2011.

[8] State Rec., Vol. V of VI, Sentencing Hearing Transcript, Sept. 15, 2011.

[9] *State v. Dennis*, 12-KA-818 (La. App. 5 Cir. 5/16/13); 118 So.3d 1166.

[10] *State v. Dennis*, 13-KO-1384 (La. 12/6/13); 129 So.3d 530.

[11] State Rec., Vol. II of VI, Application for Post-Conviction Relief.

[12] State Rec., Vol. II of VI, Order dated July 25, 2014.

[13] *State ex. rel. Dennis v. State*, 14-KH-662 (La. App. 5 Cir. 10/24/14); State Rec., Vol. II of VI.

[14] *State ex. rel. Dennis v. State*, 14-KH-2418 (La. 9/25/15); 178 So.3d 160.

Petitioner filed the instant habeas petition on May 13, 2016.[15] Petitioner raises the following grounds for relief: (1) there was insufficient evidence to support Petitioner's conviction; and (2) Petitioner received ineffective assistance of trial and appellate counsel.[16] The State filed a response on August 8, 2016, arguing that the claims should be dismissed on the merits.[17]

## B. *Report and Recommendation Findings*

On June 2, 2017, the Magistrate Judge recommended that the petition be dismissed with prejudice.[18] First, the Magistrate Judge addressed Petitioner's claim that the evidence was insufficient to support his conviction.[19] The Magistrate Judge found Petitioner's argument that he did not have the specific intent to kill or inflict great bodily harm unavailing because the evidence showed that Petitioner pointed a shotgun at the victim and pulled the trigger, which the Louisiana Supreme Court has held is sufficient for the jury to find specific intent.[20] The Magistrate Judge also found Petitioner's argument that the State failed to prove that he did not act in self-defense meritless.[21] The Magistrate Judge noted that an eyewitness of the shooting testified that Petitioner was the aggressor and that the victim was shot as he was attempting to run away, and it was for the jury to decide the credibility of the witness.[22] Furthermore, the Magistrate Judge found no merit in Petitioner's contention that the evidence supported only a conviction of manslaughter because

---

[15] Rec. Doc. 1.

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 11 at 23.

[19] *Id.* at 7–15.

[20] *Id.* at 12–13 (citing *State v. Hoffman*, 768 So.2d 542, 585 (La. 2000); *State v. Procell*, 365 So.2d 484, 492 (La. 1978)).

[21] *Id.* at 13.

[22] *Id.*

3

the defense did not offer any evidence that Petitioner acted with "sudden passion" or "heat of blood."[23] The Magistrate Judge agreed with the state court finding that Petitioner offered insufficient evidence to prove that he acted with "sudden passion" or "heat of blood."[24] Therefore, the Magistrate Judge found that Petitioner was not entitled to relief on the sufficiency of evidence claim.[25]

Second, the Magistrate Judge addressed Petitioner's claims that he received ineffective assistance of counsel at the trial level when his counsel failed to request a hearing on a *Batson* challenge and when appellate counsel failed to raise the issue on direct appeal.[26] The Magistrate Judge noted that during trial defense counsel contended that the jury failed to reflect the racial composition of Jefferson Parish, but no *Batson* challenge was raised during the trial.[27] Because there was no *Batson* challenge, the Magistrate Judge found that the Petitioner had no right to request a hearing, and therefore, the failure to request such hearing did not result in deficient performance or lead to prejudice.[28] Furthermore, to the extent Petitioner was arguing that counsel was ineffective for failing to make the *Batson* challenge, the Magistrate Judge found this argument unavailing because Petitioner presented no evidence to show that there was a factual basis for making such a challenge.[29] Additionally, the Magistrate Judge found Petitioner's argument that appellate counsel was ineffective for failing to raise the issue on appeal meritless because there

---

[23] *Id*. at 14.

[24] *Id.*

[25] *Id*. at 15.

[26] *Id*. at 15–23.

[27] *Id*. at 21–22.

[28] *Id*. at 22.

[29] *Id.* at 23.

4

was no *Batson* challenge made at trial, and thus, the appellate counsel was precluded from asserting the claim on appeal.[30] Therefore, the Magistrate Judge found that Petitioner was not entitled to relief on the ineffective assistance of counsel claims.[31]

## **II. Objections**

### A. *Petitioner's Objections*

Petitioner objects to the Magistrate Judge's Report and Recommendation.[32] Petitioner concedes that he had the specific intent to kill the victim.[33] However, he argues that he acted in self-defense.[34] He asserts that the evidence presented at trial shows that Petitioner acted in self-defense because he "reasonably believe[d]" that he was in imminent danger of losing his life.[35] Petitioner alleges that the defense presented evidence at trial that prior to the shooting, the victim became aggressive, began "running his mouth," kept approaching Petitioner over his objections, and made a "clutching" motion, as if he was trying to grab a weapon.[36] Furthermore, Petitioner asserts that the victim had previously pulled a gun on him, leading Petitioner to reasonably believe that the victim was, once again, going to pull a weapon.[37] Therefore, Petitioner avers that no reasonable juror could have found him guilty of second degree murder.[38]

---

[30] *Id.*

[31] *Id.* at 23.

[32] Rec. Doc. 12.

[33] *Id.* at 3.

[34] *Id.*

[35] *Id.* at 6.

[36] *Id.*

[37] *Id.*

[38] *Id.* at 7.

5

Finally, Petitioner "admits that [the ineffective assistance of counsel] claim was improperly presented to the courts."[39] Petitioner "concedes that this claim is in error," but requests this Court to consider the argument in accordance with the Louisiana Supreme Court's decision in *State v. Moak*.[40]

## B. State's Opposition

The State of Louisiana did not file a brief in opposition to Petitioner's objections despite receiving electronic notice of the filing.

### III. Standard of Review

### A. *Review of the Magistrate Judge's Report and Recommendation*

In accordance with Local Rule 73.2, this case was referred to the Magistrate Judge to provide a Report and Recommendation. The District Judge "may accept, reject, or modify the recommended disposition" of a Magistrate Judge on a dispositive matter.[41] The District Judge must "determine *de novo* any part of the [Report and Recommendation] that has been properly objected to."[42] The District Court's review is limited to plain error for parts of the report which are not properly objected to.[43]

### B. *Standard of Review Under the AEDPA*

Following the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the standard of review used to evaluate issues presented in habeas corpus petitions

---

[39] *Id.*

[40] *Id.*

[41] Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

[42] Fed. R. Civ. P. 72(b)(3).

[43] *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

6

was revised "to ensure that state-court convictions are given effect to the extent possible under law."[44] For questions of fact, federal courts must defer to a state court's findings unless they are "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[45] A state court's determinations on mixed questions of law and fact or pure issues of law, on the other hand, are to be upheld unless they are "contrary to, or involve[ ] an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."[46]

> Regarding this standard, the U.S. Court of Appeals for the Fifth Circuit further explains:
>
> A state-court decision is contrary to clearly established precedent if the state court applies a rule that contradicts the governing law set forth in the Supreme Court's cases. A state-court decision will also be contrary to clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of the Supreme Court and nevertheless arrives at a result different from Supreme Court precedent. A state-court decision involves an unreasonable application of Supreme Court precedent if the state court identifies the correct governing legal rule from the Court's cases but unreasonably applies it to the facts of the particular state prisoner's case.[47]

If Supreme Court case law "give[s] no clear answer to the question presented, let alone one in [the petitioner's] favor, 'it cannot be said that the state court unreasonably applied clearly established Federal law.'"[48] Additionally, "unreasonable is not the same as erroneous or incorrect; an incorrect application of the law by a state court will nonetheless be affirmed if it is not simultaneously unreasonable."[49]

---

[44] *Bell v. Cone*, 535 U.S. 685, 693 (2002).

[45] 28 U.S.C. § 2254(d)(2).

[46] 28 U.S.C. § 2254(d)(1).

[47] *Wooten v. Thaler*, 598 F.3d 215, 218 (5th Cir. 2010) (citations and quotation marks omitted).

[48] *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (quoting *Carey v. Musladin*, 549 U.S. 70, 77 (2006)).

[49] *Puckett v. Epps*, 641 F.3d 657, 663 (5th Cir. 2011) (quotation marks omitted).

7

However, the AEDPA's deferential standards of review apply only to claims adjudicated on the merits by the state courts.[50] Instead, claims that were not adjudicated on the merits by the state courts are reviewed "*de novo* without applying AEDPA-mandated deference."[51]

## IV. Law and Analysis

A.  *Sufficiency of the Evidence Claim*

Petitioner objects to the Magistrate Judge's determination that Petitioner is not entitled to relief on the sufficiency of the evidence claim.[52] He asserts that the evidence presented at trial shows that Petitioner acted in self-defense because he "reasonably believe[d]" that he was in imminent danger of losing his life.[53] Therefore, Petitioner avers that no reasonable juror could have found him guilty of second degree murder.[54] Accordingly, the Court reviews this issue *de novo*.[55]

In *Jackson v. Virginia*, the Supreme Court held that an "applicant is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."[56] As the Supreme Court explained:

> [T]his inquiry does not require a court to ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt. Instead, the relevant question is whether, after viewing the evidence in the light most favorable

---

[50] *Henderson v. Cockrell*, 333 F.3d 592, 597 (5th Cir. 2003).

[51] *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009) (citing *Henderson*, 333 F.3d at 597).

[52] Rec. Doc. 12 at 2–7.

[53] *Id.* at 6.

[54] *Id.* at 7.

[55] Fed. R. Civ. P. 72(b)(3).

[56] *Jackson v. Virginia*, 443 U.S. 307, 324 (1979).

8

to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.[57]

It is "the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."[58] Thus, "[t]he jury's finding of facts will be overturned only when necessary to preserve the fundamental protection of due process of law."[59]

Petitioner challenges the sufficiency of the evidence to support his second degree murder conviction. Louisiana Revised Statute § 14:30.1(A)(1) provides that "[s]econd degree murder is the killing of a human being . . . [w]hen the offender has a specific intent to kill or to inflict great bodily harm." Louisiana Revised Statute § 14:10(1) defines specific intent is "that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." In the objections to the Report and Recommendation, Petitioner concedes that he acted with the specific intent to kill the victim, Ronald Smith, but argues that he acted in self-defense.[60]

Under Louisiana law, when a defendant in a homicide prosecution claims self-defense, the burden is on the State to prove beyond a reasonable doubt that the defendant did not act in self-defense.[61] Pursuant to Louisiana Revised Statute § 14:20(A)(1), a homicide is justifiable "[w]hen committed in self-defense by one who reasonably believes that he is in imminent danger of losing

---

[57] *Id.* at 319 (emphasis in original) (quotation marks and citations omitted).

[58] *Id.*

[59] *Perez v. Cain*, 529 F.3d 588, 594 (5th Cir. 2008) (quotation marks and citations omitted).

[60] Rec. Doc. 12 at 3.

[61] *State v. Reed*, 11-507 (La. App. 5 Cir. 2/14/12), 88 So.3d 601, 607, *writ denied*, 12-0644 (La. 9/14/12), 97 So.3d 1014.

9

his life or receiving great bodily harm and that the killing is necessary to save himself from that danger." Pursuant to Louisiana Revised Statute § 14:20(A)(1), "[a] person who is the aggressor or who brings on a difficulty cannot claim the right of self-defense unless he withdraws from the conflict in good faith and in such a manner that his adversary knows or should know that he desires to withdraw and discontinue the conflict."

In the instant case, the jury was presented with two versions of the events at the time of the shooting. The State called Terineisha Ealy, an eyewitness of the shooting, who testified that Petitioner was the aggressor and that the victim, Ronald Smith, was shot as he was attempting to run away.[62] In contrast to this testimony, Petitioner testified that when he saw Smith and Ealy walking in the parking lot, he stopped his car because he was trying to "squash" an argument with Smith over a woman, Dishall Davis.[63] According to Petitioner, Smith said that he should have killed Petitioner and Davis.[64] At this time, Petitioner testified that he was unarmed, but Smith became aggressive.[65] Petitioner testified that Smith dropped the bag he was carrying, put his hand in his pocket, and made a "clutching" motion, as if he was trying to retrieve a gun.[66] According to Petitioner, it was at this point that he retrieved the shotgun from his vehicle and shot Smith.[67] Petitioner testified that he feared for his life when he saw Smith's "clutching" motion because he knew Smith regularly carried a gun and had pulled a gun on Petitioner on previous occasions.[68]

---

[62] *Dennis*, 118 So.3d at 1169.

[63] *Id.* at 1172.

[64] *Id.*

[65] *Id.* at 1172–73.

[66] *Id.* at 1173.

[67] *Id.*

[68] *Id.*

The Supreme Court has recognized that "the assessment of the credibility of witnesses is generally beyond the scope of [habeas] review."[69] Petitioner asserts that the evidence presented at trial shows that Petitioner acted in self-defense because he "reasonably believe[d]" that he was in imminent danger of losing his life.[70] However, on habeas review, the Court "must defer to the fact-finder to evaluate the credibility of witnesses."[71] When the evidence in this case is viewed in the light most favorable to the prosecution, it cannot be said that the guilty verdict was irrational. Accordingly, on de novo review, the Court concludes that the state court's denial of relief on this issue was not contrary to, or an unreasonable application of, clearly established federal law.

## B. *Ineffective Assistance of Counsel Claim*

The Magistrate Judge also recommended that the Court dismiss Petitioner's claim that he received ineffective assistance of counsel at the trial level when his counsel failed to request a hearing on a *Batson* challenge and when appellate counsel failed to raise the issue on direct appeal.[72] Specifically, the Magistrate Judge noted that no *Batson* challenge was raised during the trial.[73] In the objections to the Report and Recommendation, Petitioner "admits that [the ineffective assistance of counsel] claim was improperly presented to the courts."[74] Petitioner "concedes that this claim is in error," but requests this Court to consider the argument in accordance with the Louisiana Supreme Court's decision in *State v. Moak*.[75]

---

[69] *Schlup v. Delo*, 513 U.S. 298, 330 (1995).

[70] Rec. Doc. 12 at 6.

[71] *Knox v. Butler*, 884 F.2d 849, 851–52 (5th Cir. 1989).

[72] Rec. Doc. 11 at 15–23.

[73] *Id*. at 21–22.

[74] Rec. Doc. 12 at 7.

[75] *Id.*

11

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense.[76] If a court finds that a petitioner fails on either of these two prongs it may dispose of the ineffective assistance claim without addressing the other prong.[77] To satisfy the deficient performance prong, a petitioner must overcome a strong presumption that the counsel's conduct falls within a wide range of reasonable representation.[78] Petitioner must show that the conduct was so egregious that it failed to meet the constitutional minimum guaranteed by the Sixth Amendment.[79] Courts addressing this prong of the test for ineffective counsel must consider the reasonableness of counsel's actions in light of all the circumstances.[80] To prevail on the actual prejudice prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[81] A reasonable probability is "a probability sufficient to undermine confidence in the outcome."[82]

In considering Petitioner's claims on federal habeas corpus review that are repetitive of claims already made to a state court, the central question "is not whether a federal court believes the state court's determination under *Strickland* was incorrect but whether [it] was unreasonable—

---

[76] *Strickland v. Washington*, 466 U.S. 668, 697 (1984).

[77] *Id.* at 697.

[78] *See Crockett v. McCotter*, 796 F.2d 787, 791 (5th Cir. 1986); *Mattheson v. King*, 751 F.2d 1432, 1441 (5th Cir. 1985).

[79] *See Styron v. Johnson*, 262 F.3d 438, 450 (5th Cir. 2001).

[80] *See Strickland*, 466 U.S. at 689.

[81] *Id*. at 694.

[82] *Id*.

a substantially higher threshold."[83] In addition, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard."[84] Thus, this standard is considered "doubly deferential" on habeas corpus review.[85]

Petitioner relies on *State v. Moak*.[86] There, the defendant raised a claim regarding lack of evidence to support his conviction in a document entitled "Motion in Arrest of Judgment."[87] "Although such a claim is usually raised in a motion for a new trial," the Louisiana Supreme Court determined that "a rigid and formalistic approach denying the defendant the relief sought in the body of the motion merely because of the failure to properly caption the motion would retard rather than advance the interest of justice."[88] Therefore, because the trial court "was apprised of the defendant's complaint and grounds therefor," the Louisiana Supreme Court held that the issue was properly before the court for appellate review.[89]

In the instant case, Petitioner's counsel's actions are not analogous to the misnaming of the motion in *Moak* because Petitioner's counsel never raised a *Batson* challenge. Unlike the motion in *Moak*, Petitioner's counsel never stated any grounds for a *Batson* challenge during trial. Because there was no *Batson* challenge, Petitioner had no right to request a hearing, and therefore, the failure to request such hearing did not result in deficient performance or prejudice the defense.

---

[83] *Knowles v. Mirzayance*, 556 U.S. 111, 112 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 478 (2007)).

[84] *Id*.

[85] *Id*.

[86] *State v. Moak*, 387 So. 2d 1108 (La. 1980).

[87] *Id.* at 1109.

[88] *Id*.

[89] *Id*.

Furthermore, to the extent Petitioner argues that counsel was ineffective for failing to make the *Batson* challenge, Petitioner presented no evidence to show that there was a factual basis for making such a challenge. Additionally, Petitioner's argument that appellate counsel was ineffective for failing to raise the issue on appeal is meritless because there was no *Batson* challenge made at trial, and thus, the appellate counsel was precluded from asserting the claim on appeal. Accordingly, Petitioner has not shown that the state courts' denial of relief on this claim was contrary to, or involved an unreasonable application of, clearly established federal law.

### V. Conclusion

For the reasons stated above, Petitioner has not shown that the state courts' denial of relief on his claims was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections are **OVERRULED**;

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Magistrate Judge's recommendation and Petitioner Travis Dennis's petition for issuance for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and **DISMISSED WITH PREJUDICE**.

**NEW ORLEANS, LOUISIANA,** this 12th day of July, 2018.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**